ACCEPTED
11-18-00034-CV
ELEVENTH COURT OF APPEALS
EASTLAND, TEXAS
3/8/2018 3:41 PM
SHERRY WILLIAMSON
CLERK

NO. 11-18-00034-CV

IN THE COURT OF APPEALS
FOR THE ELEVENTH DISTRICT OF TEXAS AT EASTLAND

FILED IN
11th COURT OF APPEALS
EASTLAND, TEXAS
03/08/18 3:41:16 PM
SHERRY WILLIAMSON
Clerk

DESTINATION DEVELOPMENT PARTNERS, INC., ET AL.,
Appellants,

v.

SUZANN RUFF,
Appellee.

From the 29th District Court, Palo Pinto County, Texas
Honorable Mike Moore, Presiding
Cause No. C-46164

**APPELLEE SUZANN RUFF'S
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

| **MATHIS & DONHEISER, P.C.** | **KIZZIA & JOHNSON PLLC** | **STEIDLEY & NEAL, PLLC** |
|---|---|---|
| RANDAL MATHIS<br>State Bar No. 13194300<br>MARK DONHEISER<br>State Bar No. 05974800<br>ANH V. TRAN<br>State Bar No. 24077806<br>1412 Main St., Suite 2600<br>Dallas, TX 75202<br>rmathis@mathisdonheiser.com<br>Telephone: (214) 303-1919<br>Facsimile: (214) 303-0399 | D. BRADLEY KIZZIA<br>State Bar No. 11547550<br>bkizzia@kjpllc.com<br>1910 Pacific Avenue, Suite 13000<br>Dallas, Texas 75201<br>Telephone: (469) 893-9940<br>Facsimile: (214) 451-0165 | Gary C. Crapster<br>State Bar No. 05009600<br>CityPlex Towers 53rd Floor<br>2448 E. 81st Street<br>Tulsa, OK 74137<br>gcc@steidley-neal.com<br>Telephone: (918) 664-4612<br>Facsimile: (918) 664-4133<br><br>**ATTORNEYS FOR APPELLEE SUZANN RUFF** |

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW, Suzann ("Suzy") Ruff, Appellant in the above styled and numbered appellate proceeding, and files this Reply Brief in Support of her Motion to Dismiss respectively showing unto the Court as follows:

## I.
## INTRODUCTION

The sole issue before this Court on the Motion to Dismiss is whether the order appealed from is a temporary injunction (subject to appeal) or an order in aid of arbitration (which is not subject to appeal). Whether Judge Moore erred in entering the order or whether it was appropriate and within his discretion to do so, is for the merits. The nature of his order is what is at issue. In order to find that this order is a temporary injunction, this Court must assume that Judge Moore simply does not know what he is doing. This Court must assume that Judge Moore knows nothing about temporary injunctions. This Court must assume that Judge Moore has not read the Rules of Civil Procedure. All of these assumptions are contrary to well established rules of appellate review.

## II.
## SUZANN RUFF ASKED FOR AN ORDER IN AID OF ARBITRATION

In the Motion to Dismiss, Appellee quoted the portion of her motion specifically requesting the relief which forms the basis of the order appealed from. She cited neither the rules concerning temporary injunctions nor the statute authorizing orders in aid of arbitration. TEX.R.CIV.P. 683; TEX.CIV.PRAC.&REM.CODE §171.086. But she clearly asked for an order in aid of the arbitration which had recently concluded.

At the hearing, counsel for Mrs. Ruff specifically asked for an order in aid of arbitration:

> The Dallas Court has entered an order prohibiting movement of assets as to Mike but not these entities. So we are asking for it with respect to the entities.

Reporters Record ("RR"), Vol. 1 at 22.

The Dallas Probate Court's order referenced in that statement was also before Judge Moore. 2nd Supp. Clerk's Record ("CR") at 7. On its face, although not referencing §171.086, it is in aid of arbitration.

Appellant made his argument to Judge Moore that this was, in reality, a temporary injunction and therefore, improper. RR Vol. 1 at 24-25. Obviously, by rejecting that argument and entering the order, Judge Moore disagreed.

Appellant argues that because Mrs. Ruff did not cite the statute, she cannot rely on it here. But Judge Moore entered the order she requested. She has waived nothing. She is the Appellee. Appellants' argument turns well established Texas law regarding appellate review on is head. All presumptions are indulged in favor of the trial court's orders; no presumptions against it. *See, e.g., Henry v. Halliburton Services, Inc.,* 100 S.W.3d 505, 508 (Tex.App.—Dallas 2003, pet. denied).

This is clearly an order in aid of arbitration and not a temporary injunction.

### III.
### THE TRIAL COURT CONSIDERED THE EVIDENCE SUBMITTED

Although going to the merits, and not the question presented by the Motion to Dismiss, the Appellants continue to argue that no evidence was submitted. There was evidence attached to the motion upon which the order is based. CR 215-531. At the beginning of the hearing, Judge Moore stated that he had read some of this material. RR Vol. 1 at 5. Specifically he had read some of the deposition transcript of Michael Ruff. Id. Later he indicated that he had read the Sanctions Order issued by the American Arbitration Association against Michael Ruff. RR Vol. 1 at 33. At the end of the hearing, he deferred ruling until he read through the rest of this "stuff." RR Vol. 1 at 35.

Clearly, evidence was considered.

## IV.
## APPELLANTS WAIVED THEIR ARGUMENT THAT
## JUDGE MOORE DID NOT HAVE JURISDICTION TO ISSUE THIS ORDER

Again, although this issue goes to the merits, Appellants argue that under the venue provisions of Chapter 171 of the Civil Practice & Remedies Code, Judge Moore could not have issued an order in aid of arbitration, only the Probate Court in Dallas could. They did not raise this argument in the trial court and so have waived it.

Moreover, in explaining what the Probate Court did in Dallas, Appellants argued that order only applied to Michael Ruff, and not to them, because they were not parties. In other words, they admit that the Probate Court did not have authority to issue such an order against them.[1]

> There is an order in the Probate Court enjoining—stopping Mike from acting, but it—it shouldn't apply to the entity because the entities are not parties to the Probate Court, and they're not judgment debtors here.

RR Vol. 1 at 24-25.

In other words, Appellants are arguing that no one has authority over them in aid of arbitration. That Michael Ruff, who has been found to have breached fiduciary duties and misappropriated his mother's property, can use entities set up for that specific purpose, to hide the misappropriated assets and that because he set up new legal entities, no one can stop him. Judge Moore did not buy that argument. This Court shouldn't either.

## V.
## CONCLUSION

The order appealed from is in aid of arbitration, not a temporary injunction. It is therefore not subject to appeal.

---

[1] This will be a contested issue both in the Probate Court and before Judge Moore but is not relevant to this appeal.

WHEREFORE, PREMISES CONSIDERED, Appellee Suzann Ruff, respectfully prays that this appeal be dismissed, that she recover her costs in this Court and for such other and further relief to which she may be justly entitled at law or in equity.

Respectfully submitted,

**MATHIS & DONHEISER**

By: _____

Mark Donheiser
State Bar No. 05974800
Randal Mathis
State Bar No. 13194300
Anh V. Tran
State Bar No. 24077806
1412 Main Street, Suite 2600
Dallas, TX 75202
Telephone: (214) 303-1919
Fax: (214) 303-0399
Email: rmathis@mathisdonheiser.com
Email: mdonheiser@mathisdonheiser.com
Email: atran@mathisdonheiser.com


**KIZZIA & JOHNSON PLLC**

D. Bradley Kizzia
State Bar No. 11547550
bkizzia@kjpllc.com
1910 Pacific Avenue, Suite 13000
Dallas, Texas 75201
Telephone: (469) 893-9940
Facsimile: (214) 451-0165


**STEIDLEY & NEAL, PLLC**

Gary C. Crapster
State Bar No. 05009600
CityPlex Towers 53rd Floor
2448 E. 81st Street
Tulsa, OK 74137
gcc@steidley-neal.com

Telephone: (918) 664-4612
Facsimile:  (918) 664-4133

**ATTORNEYS FOR SUZANN RUFF**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been forwarded to all other counsel of record in accordance with the Texas Rules of Appellate Procedure on this 8th day of March, 2017.

_____
MARK DONHEISER